KOCKUM INDUSTRIES, INC.,
Plaintiff-Appellant,

v.

BRUNETTE MACHINE WORKS LTD.,
Defendant-Appellee.

No. 24105.

United States Court of Appeals,
Ninth Circuit.

April 20, 1971.

Harry M. Cross, Jr. (argued), Richard W. Seed, of Seed, Berry & Dowrey, Se-

---

attle, Wash., Kenneth S. Klarquist, of Buckhorn, Blore, Klarquist & Sparkman, Portland, Or., for appellant.

J. Pierre Kolisch (argued), Jon M. Dickinson, of Kolisch & Hartwell, Portland, Or., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

The appellant brought a patent infringement action in the United States District Court in Oregon against the appellee, a corporation whose principal place of business is in British Columbia, where it was formed. The appellee successfully moved for dismissal of the action on the ground of improper venue, and this appeal followed.

The court below presumably agreed with the appellee that the governing statute is 28 U.S.C. § 1400(b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Inasmuch as the appellee neither "resides" in Oregon nor has "a regular and established place of business" there, § 1400(b) does not establish venue in that district.

However, the appellant relies upon 28 U.S.C. § 1391(d), which states that "An alien may be sued in any district."

This very same issue as to which of the two statutes is applicable in patent infringement actions against aliens, was presented in Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici, 278 F.Supp. 148 (S.D.N.Y.1967). Judge Mansfield there ruled that 28 U.S.C. § 1391(d) controls. We agree with that decision and with the carefully reasoned opinion upon which it is based.

We are mindful of the decision in Coulter Electronics, Inc. v. A. B. Lars Ljungberg & Co., 376 F.2d 743 (7th Cir. 1967), *cert. denied,* 389 U.S. 859, 88 S.Ct. 103, 19 L.Ed.2d 124 (1967), as was Judge Mansfield, but we decline to follow it, for the same reasons as those stated in *Pfizer* and in SCM Corporation v. Brother International Corporation, 316 F.Supp. 1328 (S.D.N.Y.1970).

Accordingly, the order of the district court dismissing the action here concerned is reversed and the case remanded for further proceedings.